UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL A. BARNER,

        Plaintiff,                      Case No. 1:17-cv-339

v.                                            Honorable Paul L. Maloney

THOMAS MACKIE et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Michael A. Barner presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF). He sues the following officials: ECF Warden Thomas Mackie; ECF Nurse Lori Dumas; the unknown ECF health care administrator (Unknown Party #1); an unknown ECF health care employee (Unknown Party #2); and the unknown private corporation providing health care at ECF (Unknown Party #3).

Plaintiff alleges that, for some time, he has been taking two medications, Norvasc and Lisinopril, to treat his hypertension. Plaintiff was transferred from the Kinross Correctional Facility to ECF, by way of the Chippewa Correctional Facility and the Charles Egeler Reception and Guidance Center (RGC). He arrived at ECF on October 6, 2016, and was placed in the administrative-segregation unit. On September 14, 2016, while he was at RGC, Plaintiff requested that both medications be refilled. A one-week supply was issued to Plaintiff on September 14, 2016. After Plaintiff's property arrived at ECF, he also received the remainder of the medication he had brought with him. Plaintiff complains that he did not receive a medical examination when he arrived, as policy required.

On October 18, 2016, Plaintiff submitted a medical kite, seeking refills of his blood pressure medications. In the kite, Plaintiff notified Defendant Dumas that he had exhausted his medication and that he was experiencing headaches. Although Dumas ordered the medications immediately, and although they were received the next day, for an unknown reason, the medications did not get immediately issued to Plaintiff. On October 25, 2016, as a result of not receiving his medications, Plaintiff suffered severe headaches, shortness of breath, dizziness and a light head, which led him to briefly pass out in his cell. Plaintiff was promptly evaluated by a physician, and

he reported to the physician that he had not had his medications since October 11, 2016, and he suspected the lack of medicine caused his symptoms. Health care promptly issued the medications to Plaintiff.

Plaintiff alleges that Defendant Dumas was responsible for reviewing medical kites and ensuring that all services were properly provided. He alleges that Defendant Mackie was responsible for ensuring that Plaintiff received appropriate care and services. According to Plaintiff, Unknown Party #1, as the health care administrator, was responsible for ensuring the provision of medical care to prisoners. In addition, he alleges that Unknown Party #2 was responsible for administering medications to prisoners in segregation. Finally, he contends that the private health care corporation was responsible for having policies that addressed prisoner health care needs.

For relief, Plaintiff seeks substantial compensatory and punitive damages.

## Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To the extent that Petitioner argues that one or more Defendants violated prison policy by not giving him a physical examination upon arrival at ECF, he fails to state a constitutional claim. Defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does

not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

To the extent that Plaintiff alleges a violation of the Eighth Amendment, he also fails to state a claim. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of

the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted).

In the instant case, Plaintiff's allegations sound solely in negligence. Indeed, Plaintiff's allegations against all Defendants except Dumas state that they had neglected the responsibilities of their positions to ensure that he received appropriate treatment. (*See* Compl., ECF No. 1, PageID.4-5.) Plaintiff alleges that some medical official was negligent in failing to perform

a medical examination upon his arrival and therefore failed to ascertain that Plaintiff would soon run out of his medications. Plaintiff wholly fails to allege that any Defendant was even aware at the time Plaintiff arrived at the prison that he would soon need medication. Plaintiff does not even allege that, at the time he arrived at the prison, had a serious medical need, much less that such need would have been obvious to a layman. *Blackmore*, 390 F.3d at 899.

In addition, Plaintiff did not request a refill of his medications until October 18, 2016, a week after he ran out of medication. Although he contends that the medical officials should have noticed that his medications were due to run out, he does not allege that he made any official aware of the problem for a full week. Any claim that officials should have noticed he would run out of medication states, at best, a claim of negligence, which falls well short of an Eighth Amendment claim. *Estelle*, 429 U.S. at 105-06. Plaintiff himself is responsible for failing to request medication until October 18.

Finally, when Plaintiff finally requested medication refills on October 18, 2016, Defendant Dumas acted immediately to order the medications. Apparently, however, someone was negligent in not immediately sending those medications to Petitioner for six days after they were received by the prison on October 19, 2016. Nevertheless, as soon as Plaintiff complained about his symptoms on October 25, 2016, he was seen by a physician and the medication mistake was corrected. Although Plaintiff unfortunately suffered symptoms from not receiving his medications for one week after he requested them, Plaintiff's complaint is devoid of facts suggesting that any medical official intentionally disregarded his need for the medications. *See Canady v. Wilkinson*, 90 F. App'x 863, 865 (6th Cir. 2004) (brief delays in delivering medications are insufficient to state an Eighth Amendment claim).

In sum, Petitioner fails to demonstrate that any Defendant acted with deliberate indifference to his serious medical need. He therefore fails to state an Eighth Amendment claim.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: April 28, 2017   /s/ Paul L. Maloney
　　　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　　　United States District Judge